PjíARSoet, J.
 

 A widow, after the will of her husband is offered for probate, and while the proceedings are pending upon a caveat, duly enters her dissent; she dies, and the will is afterwards admitted to probate; is the dissent effectual ?
 

 The object of the statute in requiring the dissent to be entered
 
 “
 
 within six months after the probate,” is to prevent the confusion and inconvenience that would be caused by a dissent after the estate had been settled and the property is
 
 *444
 
 banded over to the respective legatees. This object is answered fully, as well by entering the dissent when the will is offered for probate, or pending the proceedings on a caveat, as after probate is made; in fact, better than if it be not entered until the six months have nearly expired. That time is allowed for her benefit; she, consequently, may waive it, "We think the dissent is effectual.
 

 'The circumstance that the widow died before the probate, if it has any effect at all on the question, rather tends to show that our construction is correct; for surely, the right of the widow ought not to be made dependent upon the accident of' her death during the time of a protracted litigation which the next of kin see proper to originate, by entering a caveat. To avoid this injustice, after the caveat proves to have been groundless, the probate" would, if necessary, have relation back to the term, at which it -was offered; indeed, for many purposes, the relation back is allowed. 4„
 

 A widow’s dissent is not to be governed by the considerations applicable to her petition for a year’s provision. That is temporary; but dower, and a
 
 reasonable part of the
 
 goods, are fixed rights conferred by the ancient common law, and such a construction should be given to the statute as to maintain them, and they should not be cramped by a rigid construction, and sticking to the letter, when the object off the statute does not make it necessary. A widow to whom the will gives nothing, may dissent even after the six months.
 
 Miller
 
 v.
 
 Chambers.
 
 (This case is not reported, but is referred to in
 
 Craven
 
 v. Craven, 2 Dev. Eq. 338.)
 

 2. Do Zachary Windley and Jerusha Allen, take as legatees under the residuary clauses, or are they excluded
 
 %
 
 They are certainly
 
 “
 
 legatees mentioned in the will,” and are consequently entitled to take under these clauses, unless there be something to exclude them. As they fill the description, in order to their exclusion, there must be some positive words expressing an intention to that effect, i. e., “ I give them one dollar each,
 
 and they are take no more of my
 
 estate.”
 
 Nannock
 
 v. Horton,
 
 7
 
 Ves. Rep. 391. We can see nothing in the
 
 *445
 
 will indicating an intention to make a difference between those children who had received property by deeds of gift, and those to whom specific legacies are given. The legacy of one dollar to each of these two children may as well have been inserted for the purpose of making them legatees, so as to take under the will, as for the purpose of excluding them from taking- under the residuary clauses. If he had given them five hundred dollars each, it would have made the former purpose clear. The smallness of the amount prevents any satisfactory inference one way or the other. We think they are entitled to a share in the residuum.
 

 8. 'What interest does Enel Jordan and his children take under the residuary clause? A tract of land is devised to him for life, remainder to his children ; it is but a single legacy, the estate being divided, and they represent and take the share of
 
 one
 
 legatee in the residuum. It is true, they are all legatees; but in the sense in which the testator uses the term, they all constitute but one in the division.
 

 4. Is the executor entitled to commissions over and above his legacy? We think he is. There is no intimation that the legacy was given in satisfaction, or in lieu of commissions.
 

 5. If the widow is entitled to a distributive share, must Zachary Windley and Jerusha Allen bring in their advancements before they can take any part of the residuum ? We can see no ground for requiring them to bring in their advancements, as a condition precedent to taking a share in the residuum. What was given to them by deeds of gift, stands in this respect, on the same footing with what is given to the others under the will.
 

 Fee CueiaM. Decree accordingly.